UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROY KEVIN WILLIAMS ]
    Plaintiff, ]
     ]
v. ] No. 3:15-0538
     ] Judge Nixon
RUTHERFORD COUNTY JAIL, et al. ]
    Defendants. ]

## MEMORANDUM

The plaintiff, proceeding *pro se*, is an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Rutherford County Jail; Robert Arnold, Sheriff of Rutherford County; the Maintenance and Medical Departments at the Rutherford County Jail; and Lt. Corders, 2nd shift supervisor at the Jail; seeking injunctive relief and damages.

On January 11, 2015, the plaintiff slipped in a puddle of water outside his cell and fell, injuring his lower back. During the fall, plaintiff defecated on himself.

Apparently, the plaintiff was taken to a hospital for medical treatment ("Once I was returned back to the Jail...."). He asked Officer Taylor Arrington if he could shower and change into clean clothes. This Officer allegedly told the plaintiff that he would have to wait until morning and proceeded to embarrass the plaintiff

in front of other inmates.

The plaintiff claims that his rights have been violated because he has not been taken to a specialist for treatment of his lower back. He also seeks the termination of Officer Arrington from his position as a guard at the Jail.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v.McDannel, 945 F.2d 117, 120 (6th Cir. 1991). Thus, the plaintiff has failed to state a claim against the Jail and its various departments.

The plaintiff also seeks to impose liability on Sheriff Arnold and Lt. Corders. He cannot, though, sue these defendants solely because of their status as supervisors or chief executive officers. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 455, 70 L.Ed.2d 509, 521 (1981).

The plaintiff has failed to allege any specific misconduct on the part of these defendants. Where there is no allegation of participation, either directly or indirectly, by a supervisor in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. See Dunn v. Tennessee, 697

F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

Therefore, the Court finds that the plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
John T. Nixon
Senior District Judge